UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER MORT,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY, *et al.*,<br><br>    Defendants. | Case No. C18-568RSL<br><br>ORDER DENYING MOTION TO DISMISS DEFENDANT RICHARDSON AND GRANTING MOTION TO REMAND |

This matter comes before the Court on plaintiff's "Motion to Remand," Dkt. # 5, and defendant Allstate Indemnity Company's "Motion to Dismiss Defendant Steven Richardson," Dkt. # 6. The Court has reviewed the motions, the parties' memoranda, the associated filings, and the remainder of the record. For the following reasons, Allstate's motion is DENIED, and plaintiff's motion to remand is GRANTED.

**I.　BACKGROUND**

In this insurance dispute, plaintiff Peter Mort is suing Allstate and its insurance adjuster, defendant Steven Richardson, over the value of a claim for fire damage to Mort's Hoquiam, WA property. See Dkt. # 1-1. Mort filed the case's original complaint on March 15, 2018, in King County Superior Court. Dkt. # 1-1. In it, he sued Allstate (but not Richardson) for breach of contract, bad faith, and violating Washington's Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. # 1-1. On March 26, 2018, the Washington Court of Appeals in Keodalah v. Allstate Ins. Co., 3 Wn. App. 2d 31 (2018), held that insurance adjusters can be individually

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO REMAND - 1

liable for bad faith and CPA claims, id. at 40–43. On April 6, 2018, Mort filed an amended complaint that added Richardson as an individual defendant. Dkt. # 1-2. On April 18, 2018, Allstate removed the case to this Court, invoking diversity jurisdiction as the basis for removal. Dkt. # 1; see 28 U.S.C. § 1332.

Mort then filed a motion for remand, asserting that the case lacks complete diversity, because he and Richardson are both residents of Washington State. Dkt. # 5. (Allstate is incorporated and has its principal place of business in Illinois. Dkt. # 1 ¶ 11.) Allstate filed a motion to dismiss Richardson as a defendant, arguing that he is a dispensable party under Rules 19 and 21 of the Federal Rules of Civil Procedure. Dkt. # 6.

## II. DISCUSSION

The dispositive question for both motions is whether Steven Richardson is a proper defendant. If he is, then the parties lack complete diversity and the case should be remanded to state court. If Richardson is dismissed, then the Court's diversity jurisdiction is properly invoked and the case may remain in federal court.

Federal jurisdiction rests on the foundational principal that "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove any case brought in state court over which the federal district courts have original jurisdiction, 28 U.S.C. § 1441(a), but there is a presumption against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In addition, the defendant has the burden of establishing that removal is proper. Id. One proper basis for removing a case from state court is the federal courts' original diversity jurisdiction. See 28 U.S.C. § 1332(a)(1) (extending jurisdiction in cases with diverse parties and an amount in controversy exceeding $75,000). Diversity jurisdiction requires complete diversity—that is, no plaintiff may be a citizen of the same state as any defendant. Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 829 (1989); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

Somewhat related is the courts' authority, codified in the Federal Rules of Civil Procedure, to determine a case's proper parties. In particular, Rule 19 describes parties that must

be joined in an action. Fed. R. Civ. P. 19(a). Rule 21, on the other hand, empowers the Court to dismiss parties improperly joined in a case. Fed. R. Civ. P. 21. Some courts have used Rule 21 to dismiss nondiverse parties and preserve jurisdiction over cases originally filed in federal court. See 7 Charles Alan Wright & Arthur R. Miller et al., Fed. Prac. & Proc. Civ. § 1685 (3d ed. 2002 & Sep. 2018 update). It is rare, however, for courts to use Rule 21 to dismiss properly joined parties "solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought." Oliva v. Chrysler Corp., 978 F. Supp. 685, 688 (S.D. Tex. 1997); see Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1290 (M.D. Fla. 2002); Garbie v. Chrysler Corp., 8 F. Supp. 2d 814, 817–18 (N.D. Ill. 1998).

The Court concludes that Richardson should not be dismissed, because Mort properly added him as a defendant in state court based on a viable state-law claim—that is, the individual-capacity claim that the Washington Court of Appeals articulated in Keodalah, 3 Wn. App. 2d at 40–43. Significantly, the Keodalah decision fell within the three-week period between when Mort filed his first complaint and when he amended it to add Richardson as an individual. Indeed, in the months since Keodalah, the Court has allowed plaintiffs to add claims against individual insurance adjusters—including when doing so destroys complete diversity for jurisdictional purposes. See Tidwell v. Gov't Employees Ins. Co., No. C18-318RSL, 2018 WL 2441774, at *2 (W.D. Wash. May 31, 2018). Mort brought a viable claim against an appropriate defendant. The Court sees no reason for using Rule 21 to undermine that choice so Allstate can litigate this case in a forum plaintiff rejects and without one of his chosen defendants. See Garbie, 8 F. Supp. 2d at 818 ("[A]s masters of their complaint, plaintiffs have the right to choose who will be the named parties in the suit.").

Allstate cites a number of cases that dismissed parties in order to retain federal jurisdiction, but none of them involved a nondiverse defendant properly joined in state court. Many involved nondiverse defendants added after the case was properly removed. See Nash v. Hall, 436 F. Supp. 633, 634 (W.D. Okla. 1977); Calderon v. Lowe's Home Ctrs., LLC, No. C15-1140ODW, 2015 WL 3889289, at *1 (C.D. Cal. June 24, 2015); Gieringer v. The Cincinnati Ins. Companies, No. C08-267TAV, 2008 WL 4186931, at *1 (E.D. Tenn. Sept. 5,

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO REMAND - 3

2008). In the only case cited where a nondiverse defendant existed before removal, the court made a finding of fraudulent joinder, Linnin v. Michielsens, 372 F. Supp. 2d 811, 817 (E.D. Va. 2005), which Allstate has not asserted or shown here.

Allstate also complains that when Mort added Richardson, the amended complaint did not meaningfully add new facts. Unless Allstate can successfully show that the amended complaint falls short of the relevant pleading standards or that it fails to state a claim against Richardson upon which relief can be granted, the amended complaint's marginal quantity of alleged facts is not a reason to dismiss Richardson from the case.

Allstate's argument that Mort added Richardson solely to defeat potential removal is also unavailing. Allstate has not shown that would be grounds for dismissing him. Even if it were, there is another perfectly plausible reason for Mort to have amended the complaint to add Richardson: the Keodalah decision newly articulated an individual-capacity claim against insurance adjusters just after Mort filed his first complaint.

The Court also rejects Allstate's argument that Richardson should be dismissed because Mort can fully recover from Allstate under principles of *respondeat superior*. That Mort could recover fully from Allstate—based on *respondeat superior* or joint and several liability—is not a valid reason to dismiss Richardson.

Given the Court's conclusion that Richardson should not be dismissed as a defendant, nothing has changed the parties' lack of complete diversity of citizenship. The Court accordingly concludes that it lacks jurisdiction to resolve the case and that remand is proper.[1] See Gaus, 980 F.2d at 566.

### III. CONCLUSION

For the foregoing reasons, Allstate's motion, Dkt. # 6, is DENIED, and plaintiff's motion for remand, Dkt. # 4, is GRANTED. The Clerk of Court is ORDERED to REMAND this matter to the Superior Court of the State of Washington for King County.

---

[1] In his remand motion, Mort seeks fees incurred responding to Allstate's removal. See 28 U.S.C. § 1447(c). Allstate's removal was within reason and fees are not appropriate. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO REMAND - 4

DATED this 10th day of September, 2018.

                          */s/ Robert S. Lasnik*
                          Robert S. Lasnik
                          United States District Judge

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO REMAND - 5